IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAIED AHMED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case Number CIV-11-1424-C |
| | ) |
| JAZMOZ BOURBON STREET CAFÉ, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff brings the present action raising two counts.  First, Plaintiff alleges he was retaliated against for filing an EEOC charge.  Second, Plaintiff alleges he was retaliated against for making a good faith internal complaint about race and/or national origin discrimination.

The following facts are undisputed or viewed in the light most favorable to Plaintiff:

Plaintiff was employed by Defendant as a line cook.  On August 2, 2012, while Plaintiff was on duty in the kitchen, a fire occurred at the fry station.  Plaintiff did not help extinguish the fire.  The Front House Manager wrote a note about the incident to the General Manager ("GM").  When the GM returned from vacation he saw the note and met with Plaintiff to discuss the fire.  Prior to entering the GM's office, the kitchen manager told Plaintiff he was terminated.  The GM countermanded that statement and told Plaintiff he needed to talk with him.  In the meeting with the GM, Plaintiff was presented with a Disciplinary Action Form ("DAF").  The DAF cited Plaintiff for failing to assist in extinguishing the fire.  The DAF reassigned Plaintiff to prep work.  Plaintiff refused to sign

the DAF and the meeting became heated. Plaintiff was then asked to leave for the day. Plaintiff never returned to work for Defendant.

Arguing these undisputed material facts demonstrate Plaintiff cannot prevail, Defendant has filed a Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any

point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

As noted above, Plaintiff brings two claims for retaliation for engaging in protected activity. Specifically, Plaintiff complains in Count I that he was terminated in retaliation for filing an EEOC charge alleging race and national origin discrimination. (Dkt. No. 1, ¶ 14). Count III alleges retaliation as a result of Plaintiff making an internal complaint to Defendant about the alleged discrimination. (Dkt. No. 1, ¶ 18).[1] However, Plaintiff's brief makes clear that his allegation in Count III is also premised on the EEOC charge; he simply argues that once Defendant became aware of the charge, it became an internal complaint. Because the two Counts rely on the same factual basis, they will be analyzed together.

Plaintiff does not offer any evidence or argument to demonstrate that his claim should be evaluated as a mixed-motive case; therefore, it will be analyzed under the pretext standard. See Medlock v. Ortho Biotech, Inc., 164 F.3d 545, 549-50 (10th Cir. 1999). To establish a prima facie case of retaliation under the pretext standard, Plaintiff must show that: "(1) []he engaged in protected opposition to Title VII discrimination; (2) []he suffered an adverse employment action; and (3) there is a causal connection between the protected

---

[1] Count II was dismissed by stipulation of the parties. (See Dkt. No. 17.)

activity and the adverse employment action." Meiners v. Univ. of Kan., 359 F.3d 1222, 1229-30 (10th Cir. 2004) (citing O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1252 (10th Cir. 2001)).

In arguing the existence of a prima facie case, Defendant argues that Plaintiff cannot satisfy the second element. According to Defendant, Plaintiff was not terminated, but abandoned his job. In response, Plaintiff asserts the undisputed facts establish that he was terminated by the kitchen manager. Plaintiff recognizes that the GM countermanded the kitchen manager's statement, but argues that he was never placed back on the work schedule.

Review of the materials before the Court reflect that neither party is completely accurate in their assessment. The undisputed facts demonstrate that Plaintiff is correct, the kitchen manager told him he was fired. However, Plaintiff also admits that when he was called back to the GM's office, he was told that he was not fired and instead was given a DAF. (Dkt. No. 21, p. 8.) The DAF noted that it was premised on the kitchen fire and Plaintiff's actions related to that fire. The DAF noted that as discipline, Plaintiff would be transferred to a new position. Plaintiff admits that he was told that if he signed the DAF he would be placed back on the work schedule. Id. Plaintiff also admits that he never signed the DAF. Id. Following the meeting Plaintiff admits to calling the restaurant and asking if he was on the work schedule and being told no. Id. However, Plaintiff never spoke with the GM or any other person.[2]

---

[2] Plaintiff states that during one call he left a message for the GM and never received a return call.

Two possibilities arise from these facts, which could support Plaintiff's quest to show an adverse employment action. First, that the actions of the GM amount to a constructive discharge. Plaintiff cannot proceed under this theory because: (1) he has not pleaded a constructive discharge claim and (2) the actions of the GM and other staff do not rise to the level of constructive discharge. See Tran v. Trustees of State Colleges in Colo., 355 F.3d 1263, 1270 (10th Cir. 2004) ("A constructive discharge occurs when a reasonable person in the employee's position would view her working conditions as intolerable and would feel that she had no other choice but to quit.").

The second method for showing adverse action is that the DAF, if accepted, would have led to a demotion. This question is not sufficiently addressed by the parties. Defendant acknowledges that the new position would have had different responsibilities but insists the pay would have remained the same. Plaintiff counters that when he moved from prep cook to line cook he received a raise and therefore the demotion would necessarily have led to a pay decrease. Any change in Plaintiff's pay is not necessarily definitive of whether or not the change was an adverse employment action.

> "Although the Tenth Circuit liberally defines an 'adverse employment action,' its existence is determined on a case by case basis and does not extend to a mere inconvenience or an alteration of job responsibilities." Heno v. Sprint/United Mgmt. Co., 208 F.3d 847, 857 (10th Cir. 2000) (internal quotation marks omitted). To be an adverse action, the employer's conduct must be "materially adverse" to the employee's job status. Sanchez v. Denver Pub. Schs., 164 F.3d 527, 533 (10th Cir. 1998); *see* Aquilino v. Univ. of Kansas, 268 F.3d 930, 934 (10th Cir. 2001) (indicating that adverse action must be "a significant change in employment status, such as . . . firing, failing to promote, reassignment with significantly different responsibilities, or a

decision causing a significant change in benefits" (quoting <u>Burlington Indus., Inc. v. Ellerth</u>, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998))).

<u>Wells v. Colo. Dep't of Transp.</u>, 325 F.3d 1205, 1212-13 (10th Cir. 2003).  Because material facts remain in dispute, the entry of summary judgment is inappropriate.

The final element of Plaintiff's prima facie showing is the causal connection, i.e., whether the DAF was premised on a desire to retaliate.  As evidence to support his claim, Plaintiff points to the fact that at the time he was given the DAF, the GM showed him a letter from the EEOC.  Plaintiff also notes the several day delay between his termination and the kitchen fire which was the alleged reason behind the DAF.  Plaintiff argues that the timing between the filing of the EEOC charge and the DAF is sufficient, standing alone, to show retaliatory motive.

Plaintiff's argument misstates Tenth Circuit law.  <u>See</u> <u>Tran</u>, 355 F.3d at 1270 ("The temporal proximity between an employee's protected conduct and an adverse employment action 'is not sufficient by itself to raise an issue of fact' regarding pretext.") (<u>quoting</u> <u>Pastran v. K-Mart Corp.</u>, 210 F.3d 1201, 1206 (10th Cir. 2000)).  Rather, temporal proximity is but one factor to be considered.  Ultimately, Plaintiff must show that the employer's belief that he engaged in misconduct was used as an excuse for discrimination.  <u>Id.</u>

Applying that standard, and viewing the issues in the light most favorable to Plaintiff, the timing between receipt of the EEOC letter and the DAF is suggestive of retaliation. Coupled with the lack of evidence that any other employee was disciplined as a result of the fire and the delay in the presentation of the DAF to Plaintiff, questions of fact regarding

6

Defendant's motive for the DAF remain. To be clear, Plaintiff has offered no evidence or argument that the GM's belief regarding Plaintiff's inaction on the kitchen fire was not genuine.  Indeed, Plaintiff has admitted that he has no basis for disputing that the DAF was as a result of the fire.  (Dkt. No. 19, Exh. 22, p. 4.)  Further, Defendant has offered a reasonable explanation for the delay, namely the GM's absence. Nevertheless, at this stage, the evidence must be viewed in the light most favorable to Plaintiff.  For that reason, Defendant's motion will be denied.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt . No. 19) is DENIED.

IT IS SO ORDERED this 3rd day of October, 2012.

ROBIN J. CAUTHRON
United States District Judge